IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN TROY WOLTZ,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-4529 |
| SUSAN GOOD, *et al.*,<br>    Defendants. | :<br>:<br>: |

| | |
|---|---|
| BRIAN TROY WOLTZ,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-4532 |
| SUSAN GOOD, *et al.*,<br>    Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

SCOTT, J.                                                                                   SEPTEMBER 4, 2024

    Brian Troy Woltz filed these two petitions for writs of mandamus on August 28, 2024. Several days later, Woltz submitted a letter enclosing documents with the caption for Civil Action 24-4529. These documents include, *inter alia*, a Notice of Removal of an action pending in the Bucks County Court of Common Pleas. Woltz also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Woltz leave to proceed *in forma pauperis*, dismiss his mandamus cases without prejudice for lack of subject matter jurisdiction, and remand the state court case for lack of subject matter jurisdiction.

I.    FACTUAL ALLEGATIONS[1]

---

[1] The factual allegations set forth in this Memorandum are taken from Woltz's Petition for Writ of Mandamus in Civ. No. 24-4529 (ECF No. 2). The Petitions filed in the two cases are identical. The other documents Woltz submitted were filed only in Civil Action 24-4529. The

Woltz's factual allegations consist primarily of legal citations and statements of supposed "maxims." The Petitions are captioned for the "Supreme Court of Pennsylvania Eastern District," but Woltz used this Court's Electronic Document Submission tool to file them, indicating that he intended to file new cases in this Court, and completed this Court's Civil Cover Sheet, checking the box indicating the nature of suit as "Other Civil Rights."

Referring to two cases pending in the Bucks County Court of Common Pleas styled *Good v. Woltz*, No. 2024-02434, and *Woltz v. Good*, No. 2024-04334, he alleges that the judge assigned to those cases has failed to act on "numerous motions, including motions for default judgment and requests for expedited decisions." (Compl. at 1-2.) He seeks an order from this Court to compel the state court "to honor its judicial responsibilities, act in accordance with the principles of equity, and render decisions that provide the relief" he seeks. (*Id.* at 3.) Attached to his Petitions are copies of docket sheets, motions, and other papers from the Bucks County Court of Common Pleas. (*Id.* at 8-23.)

The Notice of Removal references one of the Bucks County cases, No. 2024-2434. (*See* ECF No. 4 at 44.) Woltz claims that the case is scheduled for a waiver trial on September 9, 2024. He asserts that this Court has jurisdiction under both the federal question and diversity of citizenship statutes, 28 U.S.C. §§ 1331, 1332. However, he provides no facts to support these conclusory jurisdictional allegations and he did not attach a copy of the state court complaint to the notice of removal. In one of the other documents he submitted with his Letter, a Petition for Extraordinary Relief, Woltz appears to assert that the state court case involved a "notice to vacate" dated December 9, 2023, which he asserts became void after a verbal agreement was

---

Court adopts the sequential pagination assigned to the Petition by the CM/ECF docketing system.

reached between himself and Larry Good allowing Woltz "to catch up on the outstanding rent balance by the end of February 2024." (*Id.* at 21.) While he asserts he made payments to Susan Good, she "proceeded with the original eviction claim" and "retained the funds without returning them and acted deceptively to benefit from a judgment in her favor." (*Id.*) He states that the extraordinary relief he seeks is the issuance of a stay of the state court proceeding (*id.* at 22) and to grant the removal of the case to this Court to "ensure the protection of [his] equitable rights." (*Id.* at 23.) He also alleges in conclusory fashion that the state court has violated his due process and equal protection rights. (*Id.* at 22.)

A review of the public docket for No. 2024-2434 indicates that Susan Good filed the state court landlord/tenant case against Woltz on May 2, 2024, asserting that he failed to pay rent for the prior seven months and seeking his eviction from the premises.[2] (Compl. at 4.) The case is listed for trial on September 9, 2024.

## II.   STANDARD OF REVIEW

The Court grants Woltz leave to proceed *in forma pauperis*. When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if, *inter alia*, the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

---

[2] The Court may consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

#### A.   The Mandamus Petitions

The petitions for mandamus relief asking this Court to direct the state court to act on Woltz's cases must be dismissed for lack of subject matter jurisdiction. There are two sources of jurisdiction for a federal district court to grant relief in the nature of mandamus. Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Also, 28 U.S.C. § 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction.

Section 1651 is not applicable since Woltz's request for mandamus relief is not one in aid of this Court's jurisdiction. Section 1361, limited to compelling an executive officer or employee of the United States to perform a duty, does not confer jurisdiction on this Court to issue a writ of mandamus to compel a state judicial officer to act in matters pending in a state court. *See Bainbridge v. Pennsylvania Dep't of Corr.*, No. 23-4835, 2024 WL 1163530, at *3 (E.D. Pa. Mar. 18, 2024) (citing *Sanchez v. Gonzalez*, No. 05-2552, 2005 WL 2007008, at *3 (D.N.J. Aug. 16, 2005); *Urich v. Diefenderfer*, No. 91-47, 1991 WL 17820, at *1 (E.D. Pa. Feb. 11, 1991)). Thus, this Court does not have jurisdiction under either provision to order a state court to decide Woltz's pending cases.

#### B.   The Removal Action

Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The party asserting jurisdiction [to remove a case] bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.* Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Based on a thorough review of the state court docket and the documents Woltz submitted, this Court lacks jurisdiction over the state court landlord/tenant proceeding. While Woltz asserts that the state courts have violated his constitutional rights in the conducting the proceeding, this asserts at best a federal defense to the landlord/tenant proceeding and there is no basis to conclude that a federal question is presented on the face of the state court plaintiff's complaint. As Woltz has also failed to allege the state citizenship of the parties, and thus meet his burden to

demonstrate that the parties to the state court action are of diverse citizenship, the case will be remanded to the Bucks County Court of Common Pleas.

## IV.     CONCLUSION

For the reasons stated, the mandamus petitions are dismissed without prejudice for lack of subject matter jurisdiction and the state court action will be remanded for lack of subject matter jurisdiction. No leave to amend the mandamus petitions will be granted since any such attempt would prove futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

                              BY THE COURT:

                              _____
                              KAI N. SCOTT, J.